**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:26-CR-55-REW**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**GARY DON HAMPTON** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts One and Two of the Indictment. Count One charges a violation of 18 U.S.C. § 2252(a)(2), Receipt of Child Pornography. Count Two charges a violation of 18 U.S.C. § 2252(a)(4)(B), Possession of Prepubescent Child Pornography. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count One are:

(a) That the Defendant knowingly received a visual depiction;

(b) That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

(c) That the visual depiction was of a minor engaging in sexually explicit conduct;

(d) That the Defendant knew that the visual depiction was of a minor engaged in sexually explicit conduct; and

(e) That the visual depiction was shipped or transported in interstate or foreign commerce by any means including a computer.

The essential elements of Count Two are:

(a) That the Defendant knowingly possessed one or more matters containing a visual depiction;

(b) That the production of the visual depiction involved the use of a prepubescent minor or a minor who had not attained 12 years of age engaging in sexually explicit conduct;

(c) That the visual depiction was of a minor engaging in sexually explicit conduct;

(d) That the Defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and

(e) That the visual depictions had been transported using any means or facility of interstate commerce.

3. The United States could prove the following facts that establish the essential elements of Counts One and Two beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about September 28, 2023, in Pike County, in the Eastern District of Kentucky, Gary Don Hampton knowingly possessed prepubescent child pornography. On that date, police executed a search warrant at the Defendant's Pike County home and arrested him for state offenses. On that same date, the Defendant's phone was seized and a subsequent search revealed images of child pornography. The images on the Defendant's phone included images depicting prepubescent children who had not attained 12 years of age engaged in sexual activity with adults. Many of the photos were located in the cache of Defendant's Google Chrome and Mega applications on Defendant's phone, indicating that they were transported through the internet in interstate commerce.

(b) The same search revealed ten videos, three of which were identified as coming from NCMEC-known series, downloaded from the Telegram application on September 18, 2023, at 3:15 p.m. The videos depict adults engaging in sexual activity with prepubescent children. Defendant's Telegram application included a conversation with a contact "Beaty" in which Beaty offered to sell Hampton child pornography with a starting age range of "4yo[.]" On September 18, 2023, Hampton received a notification from Beaty entitled "10 videos" at 3:15 p.m. and the aforementioned downloads followed. Hampton knowingly received these videos and knew they contained visual depictions of at least one minor engaged in sexually explicit conduct.

4. The statutory punishment for Count One is imprisonment for not less than 5 years and not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years nor more than life. The statutory punishment for Count Two is imprisonment for not more than 20 years, a fine not more than $250,000, and a term of supervised release for not less than 5 years nor more than life. Restitution to the victims of the Defendant's relevant conduct is mandatory pursuant to 18 U.S.C. §§ 2259, 3663, and 3663(A), and the amount will be determined by the Court. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A, an assessment per count of no more than $35,000 may apply.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level

> determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction but reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state

penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant agrees to pay restitution in the amount and to the victim(s) as ordered at sentencing pursuant to 18 U.S.C. §§ 2259 and 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the

Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures

authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 10/14/26 By: Kelly Ridings for
W. Pearce Nesbitt
Assistant United States Attorney

Date: 10-14-26
Gary Hampton
Gary Don Hampton
Defendant

Date: 10-14-26
Douglas Benge
Attorney for Defendant